UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BRAD RENNISON dba TAHOE HOME
REPAIR SERVICES,

Plaintiff,

v.

JOSEPH LAUB, *et al.*,

Defendants.

Case No. 3:19-cv-00320-MMD-CLB

ORDER

## I.  SUMMARY

This action involves allegations of legal malpractice brought by Plaintiff Brad Rennison dba Tahoe Home Repair Services against Defendants Joseph Laub and the Law Firm of Laub & Laub (collectively, "Defendants"). Before the Court are Defendants' motion to dismiss ("Defendants' Motion") (ECF No. 24) and Plaintiff's motion for summary judgment ("Plaintiff's Motion") (ECF No. 36).[1] For the reasons discussed below, the Court grants Defendants' Motion and denies Plaintiff's Motion.

## II.  BACKGROUND

The following facts are undisputed unless noted otherwise.

In April 2016, Brad Rennison and Niseko Real Estate 2015, LLC entered into an agreement for the rehabilitation of "Balboa" and "Pinter" properties located in South Lake Tahoe, California. (ECF No. 36-6 at 3; ECF No. 36-7 at 3-4.) Primo Quitevis, a Property Supervisor for Niseko's nonmember manager Wedgewood, was responsible for

---

[1]The Court has reviewed the parties' respective responses (ECF Nos. 25, 40) and replies (ECF Nos. 26, 42).

overseeing the rehabilitation. (ECF No. 40-3 at 4.) Matthew Stair was Wedgewood's initial property manager for the rehabilitation. (ECF No. 36-8 at 3.) Erik Hoover, another property manager for Wedgewood, later replaced Stair on the Balboa property. (ECF No. 36-14 at 2.)

In March 2017, Laub wrote to Niseko on behalf of Plaintiff, alleging that Plaintiff had not been paid $181,378.91 for work on the Balboa property. (ECF No. 36-16 at 2.) In April 2017, Laub filed a lawsuit on behalf of Plaintiff in the El Dorado County Superior Court of California against Niseko and Wedgewood, alleging breach of contract, common counts, and fraud ("State Court Case"). (ECF No. 36-17 at 2-6.) Niseko later brought a cross-claim against Plaintiff for breach of contract, fraud, negligent misrepresentation, conversion, unjust enrichment, and money had and received. (ECF No. 36-20.)

Laub did not serve any discovery requests on Niseko or Wedgewood for the cross-claim. (ECF No. 36-3 at 21-22.) After Plaintiff failed to respond to Niseko's discovery requests, including requests for admission, Niseko filed motions to compel responses, to establish admissions, and for sanctions. (ECF No. 36-5 at 5-6; ECF No. 36-27 at 8.) The state court issued tentative rulings granting these motions, which were later fully adopted after Plaintiff failed to request a hearing on the rulings. (ECF No. 36-5 at 6-11.) Niseko moved for summary judgment on Plaintiff's complaint in October 2018. (*Id.* at 12.) Plaintiff failed to oppose the motion. (*Id.* at 12-14.) Two days before the hearing on Niseko's summary judgment motion, a substitution of attorney was filed removing Laub as Plaintiff's attorney. (ECF No. 36-5 at 14; ECF No. 36-34.) Plaintiff appeared *pro se* at the hearing. (ECF No. 36-5 at 14.) The state court granted Niseko's summary judgment motion. (*Id.*)

Plaintiff asserts two claims against Defendants for legal malpractice and breach of fiduciary duty. (ECF No. 1 at 6-11.)

### III.   MOTION TO DISMISS (ECF NO. 24)

Defendants seek dismissal of Plaintiff's breach of fiduciary duty claim because it is duplicative of his legal malpractice claim under Nevada law. (ECF No. 24 at 2.) Plaintiff counters that California law controls in this action, under which he has adequately pleaded

1    breach of fiduciary duty. (ECF No. 25 at 3-5.)[2]

2        Because this is a diversity action filed in the District of Nevada, Nevada law governs

3    the Court's analysis of the choice of law issue. *See Cleary v. News Corp.*, 30 F.3d 1255,

4    1265 (9th Cir. 1994) ("A district court in diversity jurisdiction must apply the law of the

5    forum state to determine the choice of law."); *see also Klaxon Co. v. Stentor Elec. Mfg.*

6    *Co.*, 313 U.S. 487, 496 (1941). Nevada uses the most significant relationship test from the

7    Restatement (Second) of Conflict of Laws to govern choice of law issues. *See Gen. Motors*

8    *Corp. v. Eighth Judicial Dist. Court of State of Nev. ex rel. Cty. of Clark*, 134 P.3d 111, 116

9    (Nev. 2006); Restatement (Second) of Conflict of Laws § 145 (Am. Law Inst. 1971).

10       Under this test, "[t]he rights and liabilities of the parties with respect to an issue in

11   tort are determined by the local law of the state which . . . has the most significant

12   relationship to the occurrence and the parties . . .." Restatement (Second) of Conflict of

13   Laws § 145(1). The factors relevant to deciding which state has the most significant

14   relationship to the issues includes: "(a) the place where the injury occurred, (b) the place

15   where the conduct causing the injury occurred, (c) the domicil, residence, nationality, place

16   of incorporation and place of business of the parties, and (d) the place where the

17   relationship, if any, between the parties is centered." *Id.* at § 145(2). No one factor is

18   dispositive, as each should "be evaluated according to their relative importance with

19   respect to the particular issue." *Id.*

20       Here, factors (a), (b), and (d) weigh heavily in favor of California. Plaintiff alleges

21   that the underlying conduct giving rise to the State Court Case occurred in California, a

22   California court entered judgment against Plaintiff because of Defendants' actions, and

23

24   ─────────────────
         [2]Plaintiff also argues that Defendants' 12(b)(6) motion is untimely because they

25   have already filed their answer. (ECF No. 25 at 7-8.) However, the Ninth Circuit instructs
     that where "[d]efendants filed their motion to dismiss *after* their answer" courts should treat

26   the motion "as a motion for judgment on the pleadings, pursuant to Rule 12(c) or 12(h)(2)."
     *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004); *c.f. Gregg v.*

27   *Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (citation and internal
     quotation marks omitted) ("Because a Rule 12(c) motion is functionally identical to a Rule

28   12(b)(6) motion, the same standard of review applies to motions brought under either
     rule.").

1   Defendants' alleged mismanagement of the case occurred in California. (ECF No. 1 at 3-

2   6.) Accordingly, Plaintiff's alleged injuries occurred in California, not Nevada. Factor (c) is

3   split between California and Nevada—Plaintiff is a California resident, Laub is a Nevada

4   resident, and the Law Firm of Laub & Laub is a Nevada company who regularly does

5   business in California. (*Id.* at 2.) Because the Court finds that factors (a), (b), and (d)

6   substantially outweigh factor (c), the Court will apply California law to Plaintiff's claims.[3]

7   *See Thornell v. Seattle Service Bureau, Inc.*, 742 F. App'x. 189, 193 (9th Cir. 2018)

8   ("[D]etermining which state's law applies is appropriate at the motion to dismiss stage, if

9   the pleaded facts allow it.").

10      However, the Court agrees with Defendants that even under California law,

11   Plaintiff's breach of fiduciary duty claim is duplicative.[4] (*See* ECF No. 26 at 2-3) (citing

12   *Broadway Victoria, LLC v. Norminton, Wiita & Fuster*, 217 Cal. Rptr. 3d 414 (Cal. App. 2

13   Dist. 2017) (depublished).[5] Plaintiff's claims arise from the same facts and allege the same

14   injury. (*See* ECF No. 1 at 6-11); *see also Afont v. Poynter Law Grp.*, No. SACV 17-01388

15   JVS (KESx), 2018 WL 6136147, at *6-7 (C.D. Cal. Nov. 5, 2018) (granting summary

16   judgment for defendants on plaintiff's breach of fiduciary duty claim "because the

17   allegations underlying the fiduciary duty claim are duplicative of those underlying the legal

18   malpractice claim"). Accordingly, the Court dismisses Plaintiff's breach of fiduciary duty

19

20      [3]Because of the weight of factors (a), (b), and (d) the Court would reach the same
    conclusion if the factors listed under general contract principles were applied. Restatement
21   (Second) of Conflict of Laws § 188(2).

22      [4]The elements of legal malpractice and breach of fiduciary duty are similar under
    California law. *Compare Coscia v. McKenna & Cuneo*, 25 P.3d 670, 672 (Cal. 2001) ("In
23   a legal malpractice action arising from a civil proceeding, the elements are (1) the duty of
    the attorney to use such skill, prudence, and diligence as members of his or her profession
24   commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal
    connection between the breach and the resulting injury; and (4) actual loss or damage
25   resulting from the attorney's negligence."), *with Gutierrez v. Girardi*, 125 Cal.Rptr.3d 210,
    215 (Cal. App. 2 Dist. 2011) ("The elements of a cause of action for breach of fiduciary
26   duty are: (1) existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3) damage
    proximately caused by the breach.").

27

28      [5]The Court may not rely on *Broadway Victoria, LLC* because it has been de-
    published by the California Supreme Court. *See* Cal. Rules of Court, Rule 8.1115(a).

1    claim.[6]

2    ## IV.    MOTION FOR SUMMARY JUDGMENT (ECF NO. 36)

3    ### A.    Legal Standard

4    "The purpose of summary judgment is to avoid unnecessary trials when there is no

5    dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18

6    F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings,

7    the discovery and disclosure materials on file, and any affidavits "show that there is no

8    genuine issue as to any material fact and that the moving party is entitled to a judgment

9    as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is

10   "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could

11   find for the nonmoving party and a dispute is "material" if it could affect the outcome of the

12   suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

13   Where reasonable minds could differ on the material facts at issue, however, summary

14   judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to

15   raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the

16   parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897,

17   902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89

18   (1968)). In evaluating a summary judgment motion, a court views all facts and draws all

19   inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v.*

20   *Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

21   The moving party bears the burden of showing that there are no genuine issues of

22   material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the

23   moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the

24   motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*,

25

26

27   [6]Plaintiff argues that because Defendants deny the existence of a prior attorney-client relationship between the parties, he should be permitted to plead in the alternative that Defendants owed him a separate fiduciary duty. (ECF No. 25 at 5-7.) However,

28   Plaintiff has not alleged facts supporting the existence of any fiduciary duty outside of the attorney-client relationship. (*See* ECF No. 1 at 3-6.)

477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

### B. Discussion

Plaintiff seeks summary judgment on his legal malpractice claim, arguing that the undisputed evidence establishes that Defendants' inaction resulted in a total defeat of Plaintiff's State Court Case. (ECF No. 36 at 7.) Defendants counter that Plaintiff cannot establish the elements of causation and damages because his State Court Case was likely to fail even without Defendants' alleged malpractice. (ECF No. 40 at 2.)

In a legal malpractice suit, "[t]he measure of damages . . . is the value of the claim lost . . .." *Ferguson v. Lieff, Cabraser, Heimann & Bernstein*, 69 P.3d 965, 973 (Cal. 2003) (citation and internal quotation marks omitted). Thus, to demonstrate causation and damages, a plaintiff must establish that "but for the alleged negligence of the defendant attorney, the plaintiff would have obtained a more favorable judgment or settlement in the action in which the malpractice allegedly occurred." *Viner v. Sweet*, 30 Cal.4th 1232, 1241 (Cal. 2003). Under this "trial-within-a-trial" approach, "the goal is to decide what the result of the underlying proceeding or matter should have been, an objective standard." *Hecht, Solberg, Robinson, Goldberg & Bagley LLP v. Superior Court*, 40 Cal.Rptr.3d 446, 450 (Cal. App. 4 Dist. 2006).

Genuine issues of material fact exist regarding whether Defendants' alleged malpractice caused Plaintiff's injury. The elements of Plaintiff's underlying breach of contract claim are "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff."

*Oasis W. Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011).[7] Defendants have produced evidence that Plaintiff would not have established the performance or excuse for nonperformance element of his claim in the State Court Case. Quitevis stated in an affidavit that Plaintiff's work "was not performed to a workmanlike quality" and that Plaintiff double-billed Niseko for work that had already been paid for. (ECF No. 40-3 at 5.)[8] Quitevis and Hoover testified that Niseko paid Plaintiff for work that was not performed and that because of Plaintiff's unsatisfactory work Niseko was forced to hire additional contractors to correct Plaintiff's mistakes and finish the project. (*Id.*; ECF No. 40-11 at 46, 70.)[9] Quitevis estimated that Plaintiff's allegedly inadequate performance caused $354,341.25 in damages to Niseko. (ECF No. 40-3 at 6.) Viewing the evidence and drawing all inferences in the light most favorable to Defendants as the nonmoving party, a rational trier of fact could find that Plaintiff would not have received a more favorable outcome in the State Court Case even if Defendants had provided adequate representation. *See Smith v. Lewis*, 530 P.2d 589, 596 (Cal. 1975), *overruled on other grounds by In re Marriage of Brown*, 544 P.2d 561 (Cal. 1976) ("Whether defendant's negligence was a cause in fact of plaintiff's damage . . . is a factual question for the jury to resolve."). The Court therefore denies summary judgment on Plaintiff's legal malpractice claim.[10]

---

[7]While Plaintiff also asserted claims for common counts and fraud in his State Court Case (ECF No. 36-17 at 4-6), neither the Plaintiff's Motion nor the reply address these claims.

[8]Defendants also reference statements made by Quitevis in his deposition, but has not supplied the deposition—instead, it appears that Quitevis' sworn declaration has been attached twice by mistake. (*Compare* ECF No. 40 at 27 *with* ECF No. 40-2.)

[9]Plaintiff argues that Hoover's statements do not raise a genuine issue of material fact because of his limited involvement and his lack of memory regarding the project. (ECF No. 36 at 26-27.) Plaintiff similarly contests Quitevis' statements, arguing that he does not have the relevant knowledge or expertise to evaluate Plaintiff's work. (*Id.* at 27-28; ECF No. 42 at 7-8.) These attacks are credibility determinations that are properly reserved for trial. *See Foster v. Metro. Life Ins. Co.*, 243 F. App'x. 208, 210 (9th Cir. 2007) (stating that the credibility of plaintiff's statements was "fair game for cross-examination and a decision by a jury").

[10]Plaintiff also argues that Laub's prior statements that Plaintiff's underlying claims were meritorious preclude him from now asserting that Plaintiff was unlikely to prevail on *(fn. cont…)*

1  **V.    CONCLUSION**

2          The Court notes that the parties made several arguments and cited to several cases

3  not discussed above. The Court has reviewed these arguments and cases and determines

4  that they do not warrant discussion as they do not affect the outcome of the motions before

5  the Court.

6          It is therefore ordered Defendants' motion to dismiss (ECF No. 24) is granted. The

7  Court dismisses Plaintiff's breach of fiduciary duty claim as duplicative of the legal

8  malpractice claim.

9          It is further ordered that Plaintiff's motion for summary judgment (ECF No. 36) is

10  denied.

11          DATED THIS 24th day of July 2020.

12

13          _____

14          MIRANDA M. DU
           CHIEF UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26  _____

27  the claims in the State Court Case. (ECF No. 42 at 10-11.) But Laub's subjective
   statements are not determinative of the issue because the trial-within-a-trial inquiry applies
28  an objective standard. *See Hecht, Solberg, Robinson, Goldberg & Bagley LLP*, 40
   Cal.Rptr.3d at 450.

8