UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRAD RENNISON, *et al.*,<br><br>　　　　　　　Plaintiffs,<br>　v.<br><br>JOSEPH LAUB, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 3:19-cv-00320-MMD-CLB<br><br>ORDER |

**I.   SUMMARY**

Plaintiff Brad Rennison (both in his individual capacity, and on behalf of his business Tahoe Home Repair Services) filed a demand for trial by jury ("Jury Demand") (ECF No. 52) more than a year after Defendants Joseph Laub a\k\a Joey Max Laub and the Law Firm of Laub & Laub filed their Answer (ECF No. 4). Before the Court is Defendants' motion to strike (ECF No. 53 ("Motion")) Plaintiff's Jury Demand as untimely.[1] As further explained below, the Court will grant the Motion because the Jury Demand is untimely, and Plaintiff fails to show that his delay was due to anything beyond mere inadvertence—indeed, he offers no explanation at all for his Jury Demand's untimeliness.

**II.   DISCUSSION**

Rule 38 of the Federal Rules of Civil Procedure allows a party to demand a jury trial by "serving the other parties with a written demand . . . no later than 14 days after the last pleading directed to the issue is served . . .." Fed. R. Civ. P. 38(b)(1). A party who fails to "properly serve and file a jury demand" waives a jury trial. *See* Fed. R. Civ. P. 38(d). In this case, Plaintiff initially waived his right to a jury trial by not serving the Jury

---

[1] Plaintiff filed a response (ECF No. 54), and Defendants filed a reply (ECF No. 55).

Demand within 14 days after filing his Complaint or Defendants filed their Answer. *See id.* (*See also* ECF Nos. 1, 4, 52.)

Plaintiff's primary argument in his response to the Motion is that, even if the Court finds that his Jury Demand is untimely, the Court can nevertheless order a jury trial. (ECF No. 54 at 4-7.) Sure enough, the Court may, "on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). However, the Ninth Circuit instructs that this discretion is "narrow," and courts must deny untimely requests unless the moving party can demonstrate "some cause beyond mere inadvertence[.]" *Pacific Fisheries Corp. v. HIH Cas. & General Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001).

Plaintiff offers no explanation as to why he untimely filed his Jury Demand. (ECF No. 54.) Thus, he does not even attempt to show some cause beyond mere inadvertence. The Court therefore has no discretion to excuse Plaintiff's untimely filing. *See Pacific Fisheries Corp.*, 239 F.3d at 1002 ("An untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown."); *see also Schuler v. Banner Health*, 778 F. App'x 473, 474 (9th Cir. 2019) ("The district court did not abuse its discretion by denying [the plaintiff's] untimely request for a jury trial because [the plaintiff] failed to show that her delay was caused by more than mere inadvertence."). Nor would the Court find it proper to exercise its discretion under the circumstances here.

Plaintiff also relies on several non-binding cases to argue that the Court actually has broad discretion to grant his request. (ECF No. 54.) However, the Ninth Circuit has repeatedly affirmed a narrow interpretation of Fed. R. Civ. P. 39(b). *See, e.g.*, *Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1065 n.4 (9th Cir. 2005); *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *see also Stanton v. Horace Mann Prop. & Cas. Ins. Co.*, Case No. 2:13-cv-01049-APG-NJK, 2013 WL 6692740, at *2 (D. Nev. Dec. 17, 2013) ("Plaintiff's contention, however, is contrary to numerous Ninth Circuit opinions, which make clear that the Court's discretion in this regard is 'narrow.'"). The Court therefore declines to exercise its discretion to order a jury trial, and will grant

the Motion.

### III. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of Defendants' Motion.

It is therefore ordered that Defendants' motion to strike jury demand (ECF No. 53) is granted.

The Clerk of Court is directed to strike Plaintiff's Jury Demand (ECF No. 52).

DATED THIS 20th Day of October 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE