UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

BRAD RENNISON, an individual; BRAD RENNISON d/b/a TAHOE HOME REPAIR SERVICES,

    Plaintiffs,

vs.

JOSEPH LAUB aka JOEY MAX LAUB, an individual; LAW FIRM OF LAUB & LAUB, a Nevada Domestic Professional Corporation, and DOES 1 through 100, inclusive,

    Defendant.

Case No.: 3:19-cv-00320-ART-CLB

**ORDER APPROVING**

STIPULATION

**STIPULATION OF SETTLEMENT AND DISMISSAL**

Plaintiffs BRAD RENNISON and BRAD RENNISON d/b/a TAHOE HOME REPAIR SERVICES ("Plaintiffs"), and Defendants JOSEPH LAUB aka JOEY MAX LAUB and LAW FIRM OF LAUB & LAUB ("Defendants"), by and through their respective counsel, hereby stipulate and agree as follows:

    1.    Defendants shall pay Plaintiffs the total amount of Two Hundred Forty Thousand Dollars ($240,000.00) (the "Settlement Amount"), pursuant to terms placed on the record at the November 15, 2022, hearing [Dkt. 102]. Plaintiffs agree to accept the Settlement

1

STIPULATION OF SETTLEMENT AND DISMISSAL.: 3:19-CV-00320-ART-CLB

Amount as full and complete satisfaction of Plaintiff's claims in the above-captioned matter, including any claim for attorneys' fees, costs, expert fees, and litigation expenses, and the Settlement Agreement is inclusive of any interest.

2. Defendants shall pay the first One Hundred Thousand Dollars ($100,000.00) on or before Thursday, December 15, 2022, by electronic transfer of funds as specified in instructions provided to counsel for Defendants by Plaintiff's counsel in writing. Plaintiffs and Plaintiff's counsel shall be responsible for any distribution of the Settlement Amount among themselves.

3. Defendants shall pay the final remaining Settlement payment of One Hundred Forty Thousand Dollars ($140,000.00) on or before Monday, February 13, 2023, by electronic transfer of funds as specified in instructions provided to counsel for Defendants by Plaintiff's counsel in writing. Plaintiffs and Plaintiff's counsel shall be responsible for any distribution of the Settlement Amount among themselves. Defendants final remaining Settlement payment shall constitute full and final settlement of all claims by Plaintiffs in the above captioned matter, including any claim for expenses incurred by Plaintiffs in this action and Defendants shall have no liability for any further amounts related to this litigation.

4. Upon the execution of this agreement, Plaintiffs hereby release and forever discharge the Defendants, officers, employees, and agents from any and all claims and causes of action that Plaintiffs asserts or could have asserted in this litigation, including, but not limited to, any claim for attorneys' fees, costs, or litigation expenses in connection with the above-captioned litigation.

5. This Agreement is not, is in no way intended to be, and should not be construed as, evidence or as an admission of liability or fault on the part of the Defendants, their agents, servants, employees, or officers, regarding any issue of law or fact, or regarding the truth or validity of any allegation or claim raised in this action, or as evidence or as an admission by the Defendants regarding Plaintiffs entitlement to attorneys' fees and other litigation costs. This agreement is entered into by the Parties for the purpose of compromising disputed claims and avoiding the expense and risks of further litigation and shall not be used

in any manner to establish liability for fees, amounts, or hourly rates in any other case or proceeding involving the Defendants.

6. Plaintiffs represent and warrant that they are the sole and lawful owner of all rights, title, and interests in and to every claim and other matter that it purports to release herein, and that it has not heretofore assigned or transferred, or purported or attempted to assign or transfer to any person or entity any claims or other matters herein released.

7. Compliance with all applicable federal, state, and local tax requirements shall be the sole responsibility of the Plaintiffs. This settlement agreement is executed without reliance upon any representation by Defendants as to tax consequences, and Plaintiffs are responsible for the payment of any taxes that may be associated with the settlement payment.

8. This settlement agreement contains the entire agreement between the Parties hereto, and Plaintiffs acknowledge and agree that no promise or representation not contained in this agreement has been made to it and acknowledges and represents that this settlement agreement contains the entire understanding between the Parties and contains all terms and conditions pertaining to the compromise and settlement of the disputes referenced herein. No statement, remark, agreement, or understanding, oral or written, that is not contained herein shall be recognized or enforced, nor does this settlement agreement reflect any agreed upon purpose other than the desire of the Parties to reach a full and final conclusion of the litigation and to resolve that suit without the time and expense of further litigation.

9. Each Party agrees to take such actions and to execute such additional documents as may be necessary or appropriate to fully effectuate and implement the terms of this agreement.

10. This agreement may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement. A facsimile, electronic, or other duplicate of a signature shall have the same effect as a manually executed original.

11. Upon execution of this agreement by all Parties hereto, this agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, personal

STIPULATION OF SETTLEMENT AND DISMISSAL.: 3:19-CV-00320-ART-CLB

representatives, administrators, successors, and assigns. Each signatory to this agreement represents and warrants that he or she is fully authorized to enter into this agreement on behalf of his client(s).

12. Execution of this agreement by counsel for Plaintiffs and by counsel for the Defendants shall constitute a dismissal with prejudice of all claims asserted against Defendants in this action, as well as the dismissal of this action with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). The Parties agree that this Stipulation of Dismissal and Settlement will be filed on the Court docket by Plaintiffs promptly after the Stipulation has been fully executed by the Parties.

13. Non-Disparagement. Plaintiffs covenants and agrees that Plaintiffs shall not engage in any pattern of conduct that involves the making or publishing of written or oral statements or remarks (including, without limitation, the repetition or distribution of derogatory rumors, allegations, negative reports or comments) which are disparaging, deleterious or damaging to the integrity, reputation or good will of the Defendant or their businesses.

14. Confidentiality. The terms of this Stipulation and Dismissal are confidential, and no Party will disclose its terms to any third party without the prior written consent of the other Parties, except: (a) as otherwise agreed to by all Parties in writing, separately or hereunder; (b) as reasonably necessary to enforce rights under this Agreement; (c) where a disclosure is reasonably required by applicable accounting or regulatory purposes; (d) under judicial or governmental subpoena, demand or requirement, provided that the disclosing Party agrees to request provisions of confidentiality; or (e) as otherwise required by law, provided that prompt, prior notification is provided to the other Party as soon as practicable so that the other Party has an opportunity to seek protection from such disclosure.

IN WITNESS WHEREOF, the parties hereto, by and through their authorized counsel, intend to be legally bound and have executed this stipulation effective November 22, 2022.

Dated this 22nd day of November 2022. [handwritten: 9th December]

KOZAK & ASSOCIATES, LLC.

By: _____
Charles R. Kozak, Esq.
SBN 11179
3100 Mill Street, Suite 115
Reno, Nevada 89502
Phone: (775) 322-1239
Facsimile: (775) 800-1767
*Attorney for the Plaintiffs,*
*Brad Rennison and Brad Rennison*
*d/b/a Tahoe Home Repair Services*

Dated this 22nd day of November 2022. [handwritten: 9th December]

LAW FIRM OF LAUB & LAUB

By: _____
Nicholas Palmer, Esq.
SBN 9888
630 E. Plumb Lane
Reno, Nevada 89502
Phone: 775-333-5282
*Attorney for the Defendants,*
*Joseph Laub and the*
*Law Firm of Laub & Laub*

ORDER

Pursuant to the terms of the parties' settlement agreement and stipulation of dismissal (ECF No. 106), this action is dismissed with prejudice.

DATED: December 12, 2022

_____
Anne R. Traum
United States District Judge